[Cite as *Baab v. Medina City Schools Bd. of Edn.*, 2015-Ohio-5315.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

RICHARD BAAB, individually and as administrator

    Appellee

    v.

MEDINA CITY SCHOOLS BOARD OF EDUCATION, et al.

    Appellants

C.A. No.    14CA0091-M

APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No.    13CIV1376

DECISION AND JOURNAL ENTRY

Dated: December 21, 2015

MOORE, Judge.

{¶1}  Appellants, the Medina City Schools Board of Education and Julia Schwendeman, appeal an order of the Medina County Court of Common Pleas that denied their motion to dismiss.  This Court reverses and remands for proceedings consistent with this opinion.

I.

{¶2}  Richard Baab sued the Medina City Schools Board of Education and Julia Schwendeman, a middle school counselor, after his son committed suicide.  Mr. Baab's complaint alleged that his son had been the subject of bullying and harassment, that an anonymous adult contacted Ms. Schwendeman to report that his son was suicidal, and that Ms. Schwendeman failed to notify anyone of the situation.  Mr. Baab's complaint alleged claims for wrongful death, failure to report a threat of physical harm to his son in violation of R.C. 2151.421, deprivation of substantive due process, and on the part of the Board of Education,

failure to adequately train its employees. When the Board of Education and Ms. Schwendeman removed the case to federal court, Mr. Baab dismissed the latter two claims, and the case returned to state court.

{¶3} The Board of Education and Ms. Schwendeman moved to dismiss the remaining claims, arguing that they were immune pursuant to R.C. Chapter 2744 and R.C. 2305.51. In the alternative, they argued that even if their immunity arguments failed, Babb had not stated a claim upon which relief could be granted because his complaint did not adequately allege facts supporting his claims and those claims failed as a matter of law. The trial court denied the motion to dismiss in a brief journal entry that set forth the standard for reviewing a motion to dismiss under Civ.R. 12(B)(6), concluded that "[u]pon review of plaintiff's complaint, the court finds that the facts alleged by plaintiff may allow recovery against defendants on the claims set forth therein[,]" and ruled that "defendants' motion to dismiss is denied." The Board of Education and Ms. Schwendeman appealed pursuant to R.C. 2744.02(C).

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING [THE BOARD OF EDUCATION'S AND MS. SCHWENDEMAN'S] STATE-LAW IMMUNITY UNDER O.R.C. 2744.02, 2744.03, AND 2305.51.

{¶4} In their only assignment of error, the Board of Education and Ms. Schwendeman argue that the trial court erred by denying their motion to dismiss because they are immune pursuant to R.C. 2744.02, that no exceptions to that immunity apply, and should an exception be determined to apply, R.C. 2744.03 operates to reinstate their immunity. In the alternative, they have argued that R.C. 2305.51 provides separate grounds for their immunity.

{¶5} A motion to dismiss under Civ.R. 12(B)(6) tests the sufficiency of a complaint and may only be granted if, taking the material allegations as true, it appears beyond doubt that the plaintiffs can prove no facts that entitle them to recovery. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Political subdivision immunity may be asserted by means of a motion to dismiss filed under Civ.R. 12(B)(6), and this Court reviews the denial of such a motion to dismiss de novo. *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 12. Even when this Court's review is de novo, however, we must be mindful that our function is to be a reviewing court. When there is no determination before us to review, this Court cannot step into the role of the trial court and determine a matter for the first time on appeal. *See Collins v. Hearty Invest. Trust*, 9th Dist. Summit No. 27173, 2015-Ohio-400, ¶ 23.

{¶6} In this case, the trial court denied the motion to dismiss without analysis and without articulating on which basis it found that the provisions of R.C. Chapter 2744 do not apply. We recognize that findings of fact and conclusions of law are not required when a trial court rules on a motion under Civ.R. 12(B)(6). *Kennelly v. Anderson*, 9th Dist. Lorain No. 97CA006934, 1999 WL 247746, *1 (Apr. 28, 1999). Nonetheless, in cases such as this, which essentially require this Court to act in the place of the trial court in order to determine the arguments on appeal, this Court may reverse the decision of the trial court and remand so that the trial court can set forth an analysis that permits our review. *Hearty Invest. Trust* at ¶ 23.

{¶7} The trial court denied the motion to dismiss filed by the Board of Education and Ms. Schwendeman without explaining the basis on which their statutory immunities did not apply. Because this Court cannot adequately analyze the trial court's order in a reviewing capacity, the assignment of error is sustained.

III.

**{¶8}** The Board of Education's and Ms. Schwendeman's assignment of error is sustained. This matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶9}    I respectfully dissent.  Mr. Baab's complaint alleged that the defendants engaged in reckless, wanton, and willful misconduct.  Because I believe that the trial court concluded that these allegations in the complaint were sufficient to defeat the defendants' assertion of immunity at this stage in the proceedings, I would consider the merits of the appeal now.

APPEARANCES:

DAVID KANE SMITH, KRISTA KEIM, and MARIA PEARLMUTTER Attorneys at Law, for Appellants.

JOHN BROOKS CAMERON and CHRISTOPHER JANKOWSKI, Attorneys at Law, for Appellee.