[Cite as *Molnar v. Green*, 2018-Ohio-1168.]

STATE OF OHIO         )             IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

NICK MOLNAR                       C.A. No.     28650

       Appellee

       v.                              APPEAL FROM JUDGMENT
                                    ENTERED IN THE
CITY OF GREEN, et al.           COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
       Appellants               CASE No.    CV-2017-01-0427

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

TEODOSIO, Judge.

{¶1}    The City of Green, Gerard M. Neugebauer, and Diane A. Calta appeal the order of the Summit County Court of Common Pleas denying their Civ.R.12(B)(6) motion to dismiss. We reverse and remand.

I.

{¶2}    This case arises out of negotiations between Mr. Nick Molnar and the City of Green whereby the City is alleged to have agreed to rescind and destroy all copies of a letter terminating his employment and accept his resignation.  Subsequent to this agreement, a public records request was made by WOIO Channel 19 ("WOIO") and the City of Green eventually produced the letter as a result of a public records litigation in the Ohio Court of Claims.

{¶3}    Mr. Molnar initiated this case in January 2017, and filed an amended complaint in February 2017 against the City of Green, Gerard M. Neugebauer (the mayor of Green), Diane A. Calta (the law director of Green), and WOIO.  The complaint stated claims for breach of

contract, negligence, injunctive relief, libel, and a claim for punitive damages that alleged grossly negligent, reckless, wanton, and willful conduct. The complaint further stated the claims were being made against Mr. Neugebauer and Ms. Calta in both their individual and official capacities. The claims against WOIO were voluntarily dismissed, and in March 2017, the remaining defendants filed a Civ.R.12(B)(6) motion to dismiss for failure to state a claim, arguing, in part, that they were immune from liability as a political subdivision and employees thereof. On May 4, 2017, the trial court denied the motion to dismiss. The City of Green, Mr. Neugebauer, and Ms. Calta now appeal, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY DENYING DEFENDANTS/APPELLANTS CITY OF GREEN, LAW DIRECTOR CALTA (OFFICIAL CAPACITY) AND MAYOR NEUGEBAUER (OFFICIAL CAPACITY) THE BENEFIT OF IMMUNITY UNDER REVISED CODE CHAPTER 2744.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY DENYING DEFENDANTS/APPELLANTS LAW DIRECTOR CALTA (PERSONAL CAPACITY) AND MAYOR NEUGEBAUER (PERSONAL CAPACITY) THE BENEFIT OF IMMUNITY UNDER REVISED CODE CHAPTER 2744.

{¶4} The City of Green, Mr. Neugebauer, and Ms. Calta argue the trial court erred by denying dismissal on the basis of political subdivision immunity. As noted above, Mr. Molnar's amended complaint states multiple claims against the City of Green as well as Mr. Neugebauer and Ms. Calta, both in their official capacities as mayor and law director, and in their individual capacities. The trial court's order denying the motion to dismiss reads as follows:

> This matter is before the court on the motion of the defendants to dismiss the plaintiff's complaint and on the plaintiff's response. Upon consideration of the arguments presented and in consideration of Civ.R.12(B)(6), the court finds that the motion to dismiss must be denied.

{¶5} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief." *McLeland v. Donofrio*, 9th Dist. Summit No. 22291, 2005-Ohio-1462, ¶ 4, citing *State ex. rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A political subdivision may assert immunity by means of a motion to dismiss filed pursuant to Civ.R. 12(B)(6), and this Court reviews the denial of such a motion under the de novo standard. *Baab v. Medina City Schools Bd. of Edn.*, 9th Dist. Medina No. 14CA0091-M, 2015-Ohio-5315, ¶ 5. We must be mindful that this Court's function is that of a reviewing court, even when our review is de novo. *Id*. "When there is no determination before us to review, this Court cannot step into the role of the trial court and determine a matter for the first time on appeal." *Id*.

{¶6} The trial court's denial of the motion to dismiss did not provide any articulation of the analysis the court undertook as to the issue of political subdivision immunity. This deficiency is further complicated by the fact that this litigation involves multiple claims against multiple defendants. As we stated in *Baab*, although we recognize that findings of fact and conclusions of law are not required when a trial court rules on a Civ.R. 12(B)(6) motion, "in cases such as this, which essentially require this Court to act in the place of the trial court to determine the arguments on appeal, this Court may reverse the decision of the trial court and remand so that the trial court can set forth an analysis that permits our review." *Id*. at ¶ 6. Without any explanation by the trial court as to the basis on which statutory immunity did not apply to the parties, this court cannot adequately analyze the trial court's order in a reviewing capacity. *See id*. at ¶ 7.

**{¶7}** {¶3}    The City of Green, Mr. Neugebauer, and Ms. Calta's assignments of error are sustained.

### III.

**{¶8}**    The City of Green, Mr. Neugebauer, and Ms. Calta's assignments of error are sustained.  The May 4, 2017, order of the Summit County Court of Common Pleas is reversed and remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

FRANK H. SCIALDONE, Attorney at Law, for Appellants.

L. BRYAN CARR, Attorney at Law, for Appellee.