[Cite as *Szefcyk v. Kucirek*, 2016-Ohio-171.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ELIZABETH D. SZEFCYK

    Appellant

    v.

JOSEPH KUCIREK, et al.

    Appellees

C.A. No.    15CA010742

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV175242

DECISION AND JOURNAL ENTRY

Dated: January 19, 2016

HENSAL, Presiding Judge.

{¶1}    Plaintiff-Appellant, Elizabeth Szefcyk, appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to Defendants-Appellees, Joseph Kucirek and Joshua Stell, on the basis of sovereign immunity. For the following reasons, this Court affirms.

I.

{¶2}    In 2008, the Cleveland Police Department, with the assistance of the Lorain County SWAT Team, executed a search warrant at Ms. Szefcyk's home in Amherst, Ohio. The Cleveland Police obtained the warrant in connection with their investigation of an armed robbery that occurred at a beverage store in Cleveland. Although Ms. Szefcyk was not the target of the search, police officers Joseph Kucirek and Joshua Stell (the "Officers") – both of whom are and/or were members of the Lorain County SWAT Team – handcuffed her while officers executed the search warrant at her home.

{¶3} According to Ms. Szefcyk, the Officers "forced her onto the ground, tightly handcuffed her wrists behind her back," and refused to loosen the handcuffs despite her requests. Approximately fifteen minutes later, a Cleveland Police officer allegedly "helped her up, removed the cuffs, and re[]placed them loosely in front of her." As a result of the Officers' alleged actions, Ms. Szefcyk claims that she suffered carpal tunnel impingement, which required surgery, and that she sustained "permanent neurological damage to her middle fingers on both hands."

{¶4} Ms. Szefcyk filed a complaint against the Officers in 2009, which she later voluntarily dismissed, and then refiled in 2012. Ms. Szefcyk asserted claims for: (1) false arrest, (2) battery, and (3) negligence in connection with the execution of the search warrant. Almost two years later, the Officers moved for summary judgment on the basis that they were immune from liability under Revised Code Section 2744.03. Specifically, they argued that, unless Ms. Szefcyk could establish wanton, willful, or malicious behavior, they were entitled to judgment as a matter of law.

{¶5} In her opposition to the Officers' motion for summary judgment, Ms. Szefcyk conceded that the Officers were immune from liability with respect to her negligence claim. *See Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 357 (1994) (noting that the "mere negligence" of an employee of a political subdivision does not give rise to personal liability). As it relates to her claims for false arrest and battery, Ms. Szefcyk argued that the Officers did not meet their burden under Civil Rule 56 and that genuine issues of material fact remained, thus precluding summary judgment.

{¶6} Regarding the Officers' summary judgment burden, Ms. Szefcyk argued that they "adduced absolutely no evidence in support of their assertion that immunity applie[d] to them."

She further argued that the Officers could not avail themselves of statutory immunity because their "acts and omissions were done in a malicious, willful, wanton and reckless manner and were in bad faith."

{¶7} The trial court granted the Officers' motion, finding that they met their burden under Civil Rule 56, and that Ms. Szefcyk failed to meet her reciprocal burden because the record was "devoid of any evidence, beyond the allegations in the pleadings, to show that the [Officers] acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ms. Szefcyk now appeals the trial court's judgment and raises one assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES ON THE BASIS OF STATUTORY IMMUNITY BECAUSE APPELLEES DID NOT ESTABLISH THEIR ENTITLEMENT TO IMMUNITY.

{¶8} In her assignment of error, Ms. Szefcyk argues that the trial court erred by granting summary judgment in favor of the Officers because they failed to establish their entitlement to immunity under Section 2744.03. In this regard, she argues that the Officers "failed to adduce any evidence to show that none of the three exceptions to immunity in R.C. 2744.03(A)(6) applied." In an apparent dispute as to which party carries the burden under Section 2744.03(A)(6), the Officers, in turn, argue that Ms. Szefcyk failed to demonstrate that they acted "maliciously, in bad faith, and recklessly" such that the trial court properly granted summary judgment.

{¶9} We review a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶10}** The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Id.* at 292. If the moving party meets this burden, then the nonmoving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Garvey v. Vermilion*, 9th Dist. Lorain No. 10CA009873, 2012-Ohio-1258, ¶ 12.

**{¶11}** It is established law that a "police officer * * * cannot be held personally liable for acts committed while carrying out his or her official duties unless one of the exceptions to immunity is established." *Cook v. Cincinnati*, 103 Ohio App.3d 80, 90 (1st Dist.1995); R.C. 2744.03. In this regard, Section 2744.03(A)(6) provides that "[a]n employee of a political subdivision is immune from liability unless (1) the employee acted outside the scope of his or her employment or official responsibilities, (2) the employee acted with malicious purpose, in bad faith, wantonly, or recklessly, or (3) the Revised Code expressly imposes liability on the employee." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, ¶ 21 (9th Dist.), citing R.C. 2744.03(A)(6)(a)-(c).

{¶12} On summary judgment, the Officers were required to "present evidence tending to prove the underlying facts upon which the [immunity] defense is based." *Trubiani v. Graziani*, 9th Dist. Medina No. 2874-M, 2000 WL 14043, *3 (Dec. 29, 1999). To that end, the Officers maintained – and the trial court agreed – that the pleadings themselves established their entitlement to the presumption of immunity under Section 2744.03(A)(6). There is no dispute that the Officers were members of the Lorain County SWAT Team; Ms. Szefcyk alleged it in her complaint, and the Officers admitted it in their answer. There is also apparently no dispute that the Officers detained Ms. Szefcyk within the scope of their employment as SWAT Team members. And as Ms. Szefcyk concedes, the law authorizes police officers to use reasonable force – including the use of handcuffs – to detain occupants of a home during the execution of a search warrant for contraband. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981); *Muehler v. Mena*, 544 U.S. 93, 98 (2005).

{¶13} Given their status as employees of a political subdivision and their authority to detain Ms. Szefcyk during the execution of the search warrant, we agree with the trial court that the Officers satisfied their initial burden under Civil Rule 56 by demonstrating their entitlement to the presumption of immunity. *See Trubiani* at *3. The burden, therefore, shifted to Ms. Szefcyk to establish that an exception to immunity applied. *Pavarini v. City of Macedonia*, 9th Dist. Summit No. 20250, 2001 WL 390070, *2 (Apr. 18, 2001) ("In order to overcome sovereign immunity, [a plaintiff] must show an exception to immunity exists.").

{¶14} In her opposition to the Officers' motion for summary judgment, Ms. Szefcyk argued that the Officers failed to establish their entitlement to the presumption of immunity. We disagree. The undisputed facts indicate that the Officers were employees of political subdivision acting within the scope of their employment as SWAT team members and, thus, were entitled to

the presumption of immunity. *See Trubiani* at *3 ("By its terms, R.C. 2744.03(A)(6) operates as a presumption of immunity.")

{¶15} Ms. Szefcyk also argued that genuine issues of material fact remained regarding whether the Officers' alleged acts and/or omissions were done with a malicious purpose, in bad faith, or in a wanton or reckless manner. To support this argument, however, Ms. Szefcyk relied solely on the allegations contained in her complaint.

{¶16} As previously explained, a party opposing summary judgment cannot rely on mere allegations contained in the pleadings. Civ.R. 56(E). Instead, the party must "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *King v. K.R. Wilson Co.*, 8 Ohio St.3d 9, 11 (1983) ("There should be no doubt that resting on mere allegations against a motion for summary judgment and eschewing the mandate of Civ.R. 56(E) is insufficient."). While issues regarding malice, bad faith, recklessness, and wanton conduct are generally questions left to the jury to resolve, summary judgment is appropriate when a plaintiff fails to present sufficient facts to rebut the presumption of immunity. *Shadoan v. Summit Cty. Children Servs. Bd.*, 9th Dist. Summit No. 21486, 2003-Ohio-5775, ¶ 14-15 (affirming summary judgment and holding that the appellant failed to set forth sufficient facts to rebut the presumption of immunity under Section 2744.03(A)(6)).

{¶17} Here, Ms. Szefcyk relied solely on the allegations contained in her complaint to support her position that the Officers' alleged acts and/or omissions were done with a malicious purpose, in bad faith, or in a wanton or reckless manner. Thus, she failed to meet her burden under Civil Rule 56(E). C*ompare Spears v. Akron Police Dept.*, 9th Dist. Summit No. 24847, 2010-Ohio-632, ¶ 30 (holding that the record contained sufficient evidence to establish a genuine issue of material fact with respect to an officer's conduct). To the extent that Ms. Szefcyk argues

on appeal that the Officers "failed to adduce any evidence to show that none of the three exceptions to immunity in R.C. 2744.03(A)(6) applied," Ms. Szefcyk – not the Officers – had the burden of demonstrating that an exception to immunity existed, which she failed to do. *Pavarini* at *2.

**{¶18}** We, therefore, conclude that the trial court did not err in granting summary judgment in favor of the Officers on the basis of sovereign immunity.

## III.

**{¶19}** Ms. Szefcyk's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and DANIEL E. PETTICORD, Assistant Prosecuting Attorney, for Appellee.