[Cite as *State v. Hall*, **2024-Ohio-5540.**]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF WAYNE | ) | | |

MARIBEL HALL

    Appellee

    v.

CITY OF WOOSTER

    Appellant

C.A. No.     24AP0004

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2023-CVC-000114

DECISION AND JOURNAL ENTRY

Dated: November 25, 2024

SUTTON, Judge.

{¶1} Defendant-Appellant the City of Wooster appeals the judgment of the Wayne County Court of Common Pleas. For the reasons that follow, this Court reverses and remands for further proceedings.

I.

{¶2} Plaintiff-Appellee Maribel Hall tripped and fell while crossing Liberty Street in the City of Wooster sustaining injuries. Ms. Hall filed a complaint against the City of Wooster alleging negligence based upon the City's failure to maintain, inspect, supervise and/or repair the crosswalk and warn pedestrians that there was "no way to obtain access to the sidewalk on the southwest side of the intersection of Liberty Street and Market Street because the sidewalk was completely blocked by orange fencing surrounding construction areas."

{¶3} After filing an answer and completing discovery, the City of Wooster filed a motion for summary judgment. In its motion, the City of Wooster argued, among other things, that it is

immune from liability pursuant to R.C. 2744.02. Ms. Hall filed a response to the City of Wooster's motion for summary judgment claiming genuine issues of material fact existed to bar summary judgment. The City of Wooster then filed a reply in support of its motion for summary judgment and Ms. Hall filed a sur-reply. The City of Wooster filed an objection to the sur-reply as being improperly filed.

{¶4} The trial court issued a judgment entry stating:

> This matter is before the [c]ourt on [the City of Wooster's motion for summary judgment]. Having reviewed the motion and memoranda filed by counsel, the applicable authorities and the evidentiary materials properly before the [c]ourt, the [c]ourt finds that there are genuine issues of material fact, and that [the City of Wooster] is not entitled to judgment as a matter of law. Civ.R. 56(C), [*State ex rel Zimmerman v. Tompkins*, 75 Ohio St. 3d 447, 448 (1996).] Accordingly, it is ORDERED, ADJUDGED AND DECREED that [the City of Wooster's motion for summary judgment] is overruled.

(Emphasis in original). Further, the trial court determined the City of Wooster's objection to Ms. Hall's sur-reply was well-taken and indicated the sur-reply was not considered by the court in the issuance of its judgment.

{¶5} The City of Wooster appealed, raising a single assignment of error for our review.

I.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW FOR DENYING [THE CITY OF WOOSTER'S] MOTION FOR SUMMARY JUDGMENT.

{¶6} In its sole assignment of error, the City of Wooster argues the trial court erred as a matter of law in denying its motion for summary judgment.

{¶7} The denial of a motion for summary judgment is not ordinarily a final, appealable order. *Shepard v. Akron*, 2012-Ohio-4695, ¶ 8 (9th Dist.). The Ohio Supreme Court, however, has held that "[w]hen a trial court denies a motion in which a political subdivision or its employee

seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. Xenia*, 2007-Ohio-4839, syllabus.

{¶8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. at 292-293. Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial[.]'" *Id*. at 293, quoting Civ.R. 56(E). This Court reviews de novo an order denying a political subdivision's motion for summary judgment seeking immunity. *Hubbell* at ¶ 21.

{¶9} R.C. Chapter 2744, the Political Subdivision Tort Liability Act, governs "when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions." *Lambert v. Clancy, Hamilton Cty. Clerk of Courts*, 2010-Ohio-1483, ¶ 8. Pursuant to R.C. Chapter 2744, a court engages in a three-tiered analysis to determine whether a political subdivision is immune from liability in a tort action. *Smith v. McBride*, 2011-Ohio-4674, ¶ 13.

{¶10} "The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function." *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. R.C. 2744.02(A)(1) provides in part that "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Because political subdivision immunity is not absolute, the second tier of the immunity analysis requires a determination regarding whether any of the five exceptions to immunity set forth in R.C. 2744.02(B) apply to hold the political subdivision liable for damages. *Smith* at ¶ 14. *See* R.C. 2744.02(A)(1); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998), abrogated on other grounds, *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 9-10. If any of the exceptions to immunity are applicable, then the third tier of the analysis assesses whether immunity can be reinstated based upon any of the defenses to liability enumerated in R.C. 2744.03. *See Smith* at ¶ 15.

{¶11} Here, the trial court's denial of the City of Wooster's motion for summary judgment did not provide *any* articulation of the analysis the trial court undertook as to the issue of political subdivision immunity. "Without any explanation by the trial court as to the basis on which statutory immunity did not apply to the parties, this court cannot adequately analyze the trial court's order in a reviewing capacity." *See Molnar v. City of Green*, 2018-Ohio-1168, ¶ 6 (9th Dist.). *See also Mourton v. Finn*, 2012-Ohio-3341, ¶ 9 (9th Dist.) ("Practically speaking, if a trial court does not set forth any analysis, the parties may just as well file their summary judgment motions in this Court."). *See also Steven A. Ettinger, Inc. v. Kramer*, 2021-Ohio-2219, ¶ 17 (9th Dist.) ("This

Court, therefore, reverses and remands the matter so that the trial court can set forth an analysis that permits our review.").

{¶12} Accordingly, because the trial court's judgment entry does not offer any analysis of immunity whatsoever, this Court reverses and remands the matter so that the trial court can set forth an analysis that permits our review. It is on this basis that the City of Wooster's assignment of error is sustained.

III.

{¶13} The City of Wooster's assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

_____

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOHN D. LATCHNEY and ANNE M. MARKOWSKI, Attorneys at Law, for Appellant.

DAVID M. TODARO, Attorney at Law, for Appellee.