[Cite as *Hall v. Wooster*, 2025-Ohio-5695.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| MARIBEL HALL | C.A. No. 25AP0019 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF WOOSTER | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. 2023-CVC-C-000114 |

DECISION AND JOURNAL ENTRY

Dated: December 22, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Maribel Hall appeals from the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of the City of Wooster. For the following reasons, this Court reverses.

I.

{¶2} This is the second appeal in this matter. In the first appeal, this Court set forth the factual background as follows:

Plaintiff-Appellee Maribel Hall tripped and fell while crossing Liberty Street in the City of Wooster sustaining injuries. Ms. Hall filed a complaint against the City of Wooster alleging negligence based upon the City's failure to maintain, inspect, supervise and/or repair the crosswalk and warn pedestrians that there was "no way to obtain access to the sidewalk on the southwest side of the intersection of Liberty Street and Market Street because the sidewalk was completely blocked by orange fencing surrounding construction areas."

After filing an answer and completing discovery, the City of Wooster filed a motion for summary judgment. In its motion, the City of Wooster argued, among other things, that it is immune from liability pursuant to R.C. 2744.02. Ms. Hall filed a response to the City of Wooster's motion for summary judgment claiming genuine

issues of material fact existed to bar summary judgment. The City of Wooster then filed a reply in support of its motion for summary judgment and Ms. Hall filed a sur-reply. The City of Wooster filed an objection to the sur-reply as being improperly filed.

The trial court issued a judgment entry stating:

> This matter is before the [c]ourt on [the City of Wooster's motion for summary judgment]. Having reviewed the motion and memoranda filed by counsel, the applicable authorities and the evidentiary materials properly before the [c]ourt, the [c]ourt finds that there are genuine issues of material fact, and that [the City of Wooster] is not entitled to judgment as a matter of law. Civ.R. 56(C), [*State ex rel. Zimmerman v. Tompkins*, 75 Ohio St. 3d 447, 448 (1996).] Accordingly, it is ORDERED, ADJUDGED AND DECREED that [the City of Wooster's motion for summary judgment] is overruled.

(Emphasis in original). Further, the trial court determined the City of Wooster's objection to Ms. Hall's sur-reply was well-taken and indicated the sur-reply was not considered by the court in the issuance of its judgment.

The City of Wooster appealed, raising a single assignment of error for our review.

(Alterations in original.) *Hall v. City of Wooster*, 2024-Ohio-5540, ¶ 2-5 (9th Dist.).

{¶3} On appeal, the City of Wooster argued that the trial court erred by denying its motion for summary judgment. *Id.* at ¶ 7. This Court sustained the City of Wooster's assignment of error on the basis that "the trial court's denial of the City of Wooster's motion for summary judgment did not provide *any* articulation of the analysis the trial court undertook as to the issue of political subdivision immunity." (Emphasis in original.) *Id.* at ¶ 11. Consequently, this Court reversed and remanded the matter to allow the trial court to set forth an analysis that permitted our review. *Id.*

{¶4} Instead of simply explaining its analysis on remand, the trial court rendered a new decision; it granted the City of Wooster's motion for summary judgment based upon statutory immunity. In doing so, the trial court analyzed the three-tiered immunity analysis under R.C. 2744.02. The trial court first explained that there was no dispute that the City of Wooster was a

political subdivision for purposes of R.C. 2744.02(A). The trial court then examined the exceptions to statutory immunity under R.C. 2744.02(B), and concluded that none of the exceptions applied.

{¶5} Relevant to this appeal, the trial court determined that the exception to immunity under R.C. 2744.02(B)(3) for injuries caused by the "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads . . ." did not apply. The trial court explained that Hall fell while walking through a marked crosswalk, and that a crosswalk is not a "public road[]" for purposes of R.C. 2744.02(B)(3). In support of this conclusion, the trial court cited R.C. 2744.01(H), which defines "[p]ublic roads" to exclude "traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." The trial court determined that the marked crosswalk was a traffic control device, and that the Ohio manual of uniform traffic control devices did not mandate the use of crosswalks. As a result, the trial court concluded that the crosswalk did not fall within the definition of "[p]ublic roads" under R.C. 2744.01(H).

{¶6} Having determined that an exception to statutory immunity did not apply, the trial court concluded that the City of Wooster was immune from liability and entitled to judgment as a matter of law. Hall now appeals, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT THE CROSSWALK CONSTITUTED A "TRAFFIC CONTROL DEVICE" UNDER R.C. 2744.01(H) WHEN THE CROSSWALK WAS CLOSED, FUNCTIONALLY BLOCKED, AND RENDERED UNUSABLE BY THE CITY'S CONSTRUCTION ACTIVITIES.

{¶7}  In her first assignment of error, Hall argues that the trial court erred by determining that the crosswalk was a traffic control device.  For the following reasons, this Court sustains Hall's assignment of error.

### Summary Judgment & Political Subdivision Immunity

{¶8}  Initially, this Court notes that Hall frames her assignment of error as an issue of statutory interpretation subject to de novo review.  While that is true, this Court is mindful of the context in which the trial court rendered its decision, that is, on the City of Wooster's motion for summary judgment based upon statutory immunity.  *Elliot v. Durrani*, 2022-Ohio-4190, ¶ 8 (providing that issues of statutory interpretation are subject to de novo review).  Accordingly, this Court will first set forth the law regarding summary judgment and statutory immunity.

{¶9}  Summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 293, quoting Civ.R. 56(E).  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶10}  Regarding statutory immunity, "[t]he Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political

subdivision should be allocated immunity from civil liability." *Hubbard v. Canton City School Bd. of Edn.*, 2002-Ohio-6718, ¶ 10. Generally, a political subdivision is not "liable in damages in a civil action for injury . . . caused by any act or omission of the political subdivision . . . in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Thus, the first step of the three-tiered immunity analysis is to determine whether the party seeking immunity is a political subdivision that qualifies for general immunity. *See Hubbard* at ¶ 11.

{¶11} The second step of the three-tiered immunity analysis is to determine whether the plaintiff has shown that one of five exceptions to immunity listed in R.C. 2744.02(B) applies. *Hubbard* at ¶ 12; *Szefcyk v. Kucirek*, 2016-Ohio-171, ¶ 13 (9th Dist.) (regarding the plaintiff's burden). "If none of the exceptions in R.C. 2744.02(B) apply, the political subdivision is immune from liability and the analysis ends." *Reynolds v. Hamilton Cty. Dev. Disabilities Servs.*, 2024-Ohio-83, ¶ 51 (1st Dist.).

{¶12} If the plaintiff meets its burden of showing that one of the exceptions to immunity under R.C. 2744.02(B) applies, then the third step in the three-tiered immunity analysis is to determine whether the political subdivision has met its burden of showing that one of the defenses to liability under R.C. 2744.03 applies, thereby reinstating immunity. *Schlegel v. Summit Cty.*, 2021-Ohio-3451, ¶ 16 (9th Dist.); *Contreraz v. Bettsville*, 2011-Ohio-4178, ¶ 23 (3d Dist.) (regarding the political subdivision's burden). "The question of whether a governmental immunity applies is a question of law and, thus, is reviewed under a de novo standard of review." *E.F. v. Oberlin City School Dist.*, 2010-Ohio-1370, ¶ 16 (9th Dist.).

## Analysis

{¶13} Here, there was no dispute that the City of Wooster qualifies for general immunity under R.C. 2744.02(A)(1) because it is a political subdivision, and the maintenance of crosswalks

is a governmental function. Thus, the City of Wooster met its initial burden on summary judgment. *Szefcyk*, 2016-Ohio-171, at ¶ 12-13 (9th Dist.). The burden then shifted to Hall to establish that an exception to immunity applied. *Szefcyk* at ¶ 13.

{¶14} In her brief in opposition to the City of Wooster's motion for summary judgment, Hall argued that the exception to immunity under R.C. 2744.02(B)(3) applied. R.C. 2744.02(B)(3) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep *public roads* in repair and other negligent failure to remove obstructions from public roads . . . ." (Emphasis added.) Thus, for R.C. 2744.02(B)(3) to apply, Hall had the burden of establishing that the marked crosswalk at issue was a "public road[.]" *See Szefcyk* at ¶ 13 (providing that the plaintiff has the burden of establishing that an exception under R.C. 2744.02(B) applies). To that end, Hall argued that crosswalks are part of a roadway and, therefore, are part of a public road for purposes of R.C. 2744.02(B)(3). For the following reasons, this Court agrees.

{¶15} R.C. 2744.01(H) defines "[p]ublic roads" as "public roads, highways, streets, avenues, alleys, and bridges within a political subdivision." R.C. 2744.01(H) expressly excludes "traffic control devices" from the definition of "[p]ublic roads[,] . . . unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." "Traffic control device" means:

> a flagger, sign, signal, marking, channelization device, or other device that uses colors, shapes, symbols, words, sounds, or tactile information for the primary purpose of communicating a regulatory, warning, or guidance message to road users on a street, highway, site roadway open to public travel, pedestrian facility, bikeway, or pathway.

R.C. 4511.01(QQ). Examples of traffic control devices include stop signs, traffic lights, and "Walk" "Don't Walk" devices near crosswalks. *Tomlin v. Akron*, 2021-Ohio-819, ¶ 10 (9th Dist.);

*State v. Kern*, 1983 WL 4961, *2 (2d Dist. Sept. 21, 1983); *Cleveland v. Smith*, 2011-Ohio-1553, ¶ 10 (8th Dist.). On the other hand, R.C. 4511.01(LL)(2) defines a marked crosswalk as follows:

> Any portion of a roadway at an intersection or elsewhere, distinctly indicated for pedestrian crossing by lines or other markings on the surface, which might be supplemented by contrasting pavement texture, style, or color . . . .

As noted, the trial court determined that the marked crosswalk at issue was a traffic control device, and that the Ohio manual of uniform traffic control devices did not mandate the use of crosswalks. As a result, the trial court concluded that the crosswalk did not fall within the definition of "[p]ublic roads" under R.C. 2744.01(H). This Court disagrees.

{¶16} "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Morley v. Sheriff of Medina Cty.*, 2022-Ohio-3469, ¶ 7 (9th Dist.), quoting *A.S. v. Summit Cty. Prosecutor*, 2022-Ohio-1040, ¶ 10 (9th Dist.). As the Ohio Supreme Court has explained:

> To determine the plain meaning of a statute, a court relies on the definitions provided by the legislative body, because a "definition by the average man or even by the ordinary dictionary with its studied enumeration of subtle shades of meaning is not a substitute for the definition set before us by the lawmakers with instructions to apply it to the exclusion of all others."

*State v. Turner*, 2020-Ohio-6773, ¶ 18, quoting *Fox v. Std. Oil Co. of New Jersey*, 294 U.S. 87, 96 (1935). Applying these rules in the context of political subdivision immunity, this Court concludes that a marked crosswalk—which is statutorily defined as any "portion of a roadway"—falls within the definition of a "[p]ublic roads" under R.C. 2744.01(H). Consequently, this Court concludes that Hall met her burden of establishing that an exception to immunity existed under R.C. 2744.02(B)(3).

{¶17} In reaching this conclusion, this Court emphasizes that the defect Hall claims caused her fall and injuries (i.e., a "two-inch divot" in the roadway) is a defect in the public road

itself, *not* a defect with a traffic control device. Thus, even if the crosswalk at issue fits within the statutory definition of a traffic control device, a defect in the roadway, *not* a defect with a traffic control device, is at issue in this case. To conclude that the public roads exception to immunity under R.C. 2744.01(B)(3) does not apply because the alleged physical defect in the roadway was within a marked crosswalk is an unreasonable interpretation of the statutes at issue. *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 384 (1985) ("It is an axiom of judicial interpretation that statutes be construed to avoid unreasonable or absurd consequences.").

{¶18} Having met her reciprocal burden, the burden then shifted back to the City of Wooster to establish that one of the defenses to liability under R.C. 2744.03 applied, thereby reinstating immunity. *Schlegel*, 2021-Ohio-3451, at ¶ 16 (9th Dist.); *Contreraz v. Bettsville*, 2011-Ohio-4178, ¶ 23 (3d Dist.) (regarding the political subdivision's burden). Yet, the City did not argue that one of the defenses to liability under R.C. 2744.03 applied. Instead, the City of Wooster argued in its reply brief that the crack in the crosswalk did not constitute a physical defect, that the crack was an open-and-obvious hazard, and that it had no duty to warn Hall of the ongoing construction on the street corner. Because the City of Wooster failed to meet its burden of establishing that one of the defenses to liability under R.C. 2744.03 applied, the trial court erred by granting its motion for summary judgment based on statutory immunity. As a result, Hall's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON IMMUNITY GROUNDS WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED REGARDING WHETHER THE CITY OF WOOSTER CREATED A DANGEROUS CONDITION IN A "PUBLIC ROAD" WHEN THEY CLOSED THE SIDEWALK AND CROSSWALK BY ERECTING A CHAINLINK FENCE IN THE ROAD AND AT THE SAME TIME CONTINUED TO USE THE PEDESTRIAN SIGNAL BOX.

{¶19} In her second assignment of error, Hall argues that the trial court erred by granting summary judgment in favor of the City of Wooster based upon statutory immunity because genuine issues of material fact remained that precluded summary judgment. In light of this Court's resolution of Hall's first assignment of error, Hall's second assignment of error is moot. *See* App.R. 12(A)(1)(c).

## III.

{¶20} Hall's first assignment of error is sustained. Hall's second assignment of error is overruled on the basis that it is moot. The judgment of the Wayne County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DAVID M. TODARO, Attorney at Law, for Appellant.

JOHN D. LATCHNEY and ANNE M. MARKOWSKI, Attorneys at Law, for Appellee.