[Cite as *Johnson v. Dziak*, 2026-Ohio-1603.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| RENEE JOHNSON | | C.A. No.    25CA0039-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW DZIAK, et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | | CASE No.    2023CIV0751 |

DECISION AND JOURNAL ENTRY

Dated: May 4, 2026

STEVENSON, Judge.

{¶1} Defendants-Appellants, Andrew Dziak, Raven Ory, and Kirk Vozar (collectively "Officers"), appeal from the judgment of the Medina County Court of Common Pleas denying their motion for summary judgment. For the reasons set forth below, this Court reverses and remands for further proceedings.

I.

{¶2} There is no dispute that the law office of Cameron Pedro called police on July 30, 2020, and reported that Plaintiff-Appellant Renee Johnson had entered the office and created a disturbance. It is undisputed that Ms. Johnson was involved in a custody dispute with her ex-husband and Attorney Pedro represented the ex-husband. Officer Raven Ory of the City of Medina

Police Department responded to the disturbance call, and it was decided that a notice of criminal trespass form would be issued to Ms. Johnson.[1]

{¶3} As set forth in the record, Officer Ory and Officer Andrew Dziak, also of the City of Medina Police Department, separately arrived at Ms. Johnson's apartment to allegedly talk to her about the incident and to serve the notice of criminal trespass form. Ms. Johnson does not dispute that she was home and that she did not respond to the Officers' knocks.

{¶4} There is no dispute that Ms. Johnson's mother called police dispatch while the officers were at the apartment complex and reported a concern about Ms. Johnson's mental health and safety. At or around this time, City of Medina Police Officer Kirk Vozar arrived at the apartment complex. It is undisputed that, after the mother's call, a neighbor reported to the Officers that she was concerned about Ms. Johnson's mental state and well-being. There is no dispute that Ms. Johnson spoke to Officer Dziak on the neighbor's phone and that she made a threat of self-harm, saying before hanging up that the Officers could leave and come back to pick-up the body. The Officers entered Ms. Johnson's apartment after the reports from the mother and neighbor and phone call. The Officers placed Ms. Johnson in handcuffs and transported her to the hospital.

{¶5} Ms. Johnson filed a complaint against the Officers in their "individual capacit[ies]," asserting claims for invasion upon seclusion and solitude, trespass, and intentional infliction of emotional distress. After filing an answer and completing discovery, the Officers moved for summary judgment arguing, among other things, that Ms. Johnson's claims are barred under the two-year statute of limitations set forth in R.C. 2744.04(A) and that they are entitled to immunity

---

[1] Based on the record, Officer Ory was a police officer with the City of Medina Police Department on July 30, 2020. She testified at her deposition that she is now a sergeant with the police department. Because she was an officer at the time of the incident, we will refer to her as "Officer Ory."

under R.C. 2744.03(A)(6). Ms. Johnson filed a response to the Officers' motion for summary judgment claiming that the four-year statute of limitations set forth in R.C. Chapter 2305 applies in this case. She further claimed that the Officers are not entitled to R.C. 2744.03(A)(6) immunity because they were acting outside the scope of their employment when they were at her apartment and that issues of material fact existed to bar summary judgment.

{¶6} The trial court issued a judgment entry denying the Officers' motion for summary judgment, stating:

1.  Statute of Limitations:  The defendants were sued as individuals not as employees of the city of Medina. The four-year statute in O.R.C. § 2305 applies.

2.  Immunity:  There are factual determinations to be made as to whether the defendants were acting outside the scope of their employment and if they acted with malicious purpose, in bad faith and/or wantonly or recklessly.

3.  Claims of Trespass and Invasion of Privacy:  Again, there are factual issues to be decided.

{¶7} The Officers appeal the judgment of the trial court denying their motion for summary judgment, asserting three assignments of error for this Court's review. We address the Officers' assignments of error out of order and have consolidated the second and third assignments of error for ease of review.

II.

**ASSIGNMENT OF ERROR NO. 2:**

**THE TRIAL COURT ERRED IN FINDING THAT THERE WERE ISSUES OF FACT REGARDING WHETHER DEFENDANTS-APPELLANTS WERE "ACTING OUTSIDE THE SCOPE OF THEIR EMPLOYMENT AND IF THEY ACTED WITH MALICIOUS PURPOSE IN BAD FAITH WANTONLY OR RECKLESSLY."**

**ASSIGNMENT OF ERROR NO. 3:**

**THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT ON THE BASIS THAT THERE WERE "FACTUAL ISSUES TO BE DECIDED ON APPELLEE'S CLAIMS OF TRESPASS AND INVASION OF PRIVACY.["]**

{¶8} The Officers argue in their second and third assignments of error that the trial court erred when it found that factual issues remain, and it denied their motion for summary judgment. They maintain that they are entitled to immunity under R.C. 2744.03(A). Ms. Johnson asserts that the trial court properly denied summary judgment because factual issues remain as to whether the Officers acted outside the scope of their employment and with malicious purpose, in bad faith, or wantonly or recklessly.

**Final Order**

{¶9} "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 2013-Ohio-2410, ¶ 10. "Generally, the denial of a motion for summary judgment is not a final, appealable order." *Mill Creek Metro. Park Dist. Bd. of Commrs. v. Less*, 2023-Ohio-2332, ¶ 11. However, pursuant to R.C. 2744.02(C), "'[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.'" *Garvey v. Vermilion*, 2012-Ohio-1258, ¶ 9 (9th Dist.), quoting R.C. 2977.02(C); *Accord Hall v. Wooster*, 2024-Ohio-5540, ¶ 7 (9th Dist.). Accordingly, we have jurisdiction to review the second and third assignments of error on the issue of immunity.

**Standard of Review on Summary Judgment**

{¶10} Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter

of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once the moving party satisfies this burden, the nonmoving party has the "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial[.]'" *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

### Immunity R.C. Chapter 2744.03(A)

{¶11} Ms. Johnson has sued the Officers in their individual capacities. When considering an individual employee's claim of immunity, "courts must look directly to R.C. 2744.03(A)(6)." *Bevelacqua v. Tancak*, 2022-Ohio-4442, ¶ 27 (9th Dist.), citing *Cramer v. Auglaize Acres*, 2007-Ohio-1946, ¶ 17. R.C. 2744.03(A)(6) "prescribes immunities that an employee of a political subdivision may assert to establish nonliability in a civil action for damages allegedly caused by an act or omission in connection with a governmental or proprietary function." *Huber v. State Farm Mut. Auto. Ins. Co.*, 2022-Ohio-3022, ¶ 70 (9th Dist.), citing *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 7. Relevant to this case, R.C. 2744.03(A)(6)(a)/(b) states that an employee of a political subdivision is immune from liability unless his or her actions "were manifestly outside the scope of the employee's employment or official responsibilities" or if the "employee's acts . . . were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" Ms. Johnson argued in her

opposition to the Officer's motion for summary judgment that the Officers "were outside the scope of their employment in technical violation of their training" when they were at her apartment and that they engaged "in malicious action, bad faith, [and acted] wantonly, [and] recklessly[.]"

{¶12} The Ohio Supreme Court explained in *Anderson v. Massillon*, 2012-Ohio-5711, paragraphs 1-4 of the syllabus:

> 1. "Willful," "wanton," and "reckless" describe different and distinct degrees of care and are not interchangeable.
>
> 2. Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury.
>
> 3. Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result.
>
> 4. Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct.

(Internal citations omitted.)

## Analysis

{¶13} The trial court denied the Officers' motion for summary judgment on immunity grounds, finding that "[t]here are factual determinations to be made as to whether the [Officers] were acting outside their scope of employment and if they acted with malicious purpose, in bad faith and/or wantonly or recklessly." Although the trial court did not cite R.C. 2744.03(A)(6) in its decision, its language is consistent with the exceptions to employee immunity as enumerated in R.C. 2744.03(A)(6)(a) ("[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities[]") and R.C. 2744.03(A)(6)(b) ("[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless

manner[]"). The parties do not dispute on appeal that the language utilized by the trial court in its decision is consistent with the language of R.C. 2744.03(A)(6)(a)/(b). Accordingly, we will analyze the Officer's immunity under that statute.

{¶14} The trial court's denial of the Officers' motion for summary judgment in this case did not provide *any* articulation of the analysis the trial court undertook as to the issue of R.C. 2744.03(A)(6) immunity. While *Anderson*, 2012-Ohio-5711, sets forth separate and distinct definitions of willful, wanton and reckless, the trial court lumped all those standards together without any analysis of how the officer's conduct met any of those definitions. "'Without any explanation by the trial court as to the basis on which statutory immunity did not apply to the parties, this court cannot adequately analyze the trial court's order in a reviewing capacity.'" *Hall*, 2024-Ohio-5540, at ¶ 11 (9th Dist.), quoting *Molnar v. City of Green*, 2018-Ohio-1168, ¶ 6 (9th Dist.). As in this case, the trial court in *Hall* found without analysis that genuine issues of fact remained as to whether the city was entitled to R.C. Chapter 2744 immunity. *Id.* at ¶ 4. "[B]ecause the trial court's judgment entry [did] not offer any analysis of immunity whatsoever," this Court reversed and remanded "the matter so that the trial court can set forth an analysis that permits our review." *Id.* at ¶ 12. *See also Mourton v. Finn*, 2012-Ohio-3341, ¶ 9 (9th Dist.) ("Practically speaking, if a trial court does not set forth any analysis, the parties may just as well file their summary judgment motions in this Court."); *Steven A. Ettinger, Inc. v. Kramer*, 2021-Ohio-2219, ¶ 17 (9th Dist.) ("This Court, therefore, reverses and remands the matter so that the trial court can set forth an analysis that permits our review.").

{¶15} Further, when addressing a motion for summary judgment based on R.C. 2744.03(A)(6) immunity that is filed by multiple police officers, the court should "examine the conduct of each officer in turn." *Estate of Graves v. Circleville*, 2008-Ohio-6052, ¶ 28 (4th Dist.).

This case involves three officers who arrived at Ms. Johnson's apartment at separate times and who engaged in different actions on July 30, 2020. There is no dispute that Officer Dziak was the first officer that arrived and that he was at the apartment for around six minutes before Officer Ory and around 20 minutes before Officer Vozar. After Ms. Johnson's mother reported a concern about Ms. Johnson's mental health, there is no dispute that Officer Dziak knocked on Ms. Johnson's door while Officer Ory made a phone call, purportedly to a lieutenant, to discuss the situation. Officer Vozar remained seated in his cruiser. Further, when the neighbor approached Officers Dziak and Ory to report her concerns for Ms. Johnson's mental health, there is no dispute that only Officer Dziak spoke to Ms. Johnson on the phone and that, in this call, Ms. Johnson allegedly said to Officer Dziak that the Officers could leave and come back to pick-up the body.

{¶16} The trial court should have "examined the conduct of each officer in turn" in this case as each officer's actions are distinct and separate, yet it failed to do so. *Circleville* at ¶ 28. The trial court's judgment entry does not offer any analysis of R.C. 2744.03(A)(6) immunity as to any of the Officers, nor does it have separate findings as to each Officer as is necessary in this case. Accordingly, this Court reverses and remands the matter so that the trial court can set forth an analysis that permits our review. It is on this basis that the Officers' assignment of error is sustained.

<u>ASSIGNMENT OF ERROR NO. 1</u>

**THE TRIAL COURT ERRED IN APPLYING THE STATUTE OF LIMITATIONS SET FORTH IN OHIO REVISED CODE §2305, AS ALL APPELLANTS WERE ON DUTY AS SWORN POLICE OFFICERS WITH THE CITY OF MEDINA AND THUS WERE POLITICAL SUBDIVISION EMPLOYEES, ENTITLED TO THE APPLICATION OF [THE] STATUTE OF LIMITATIONS SET FORTH IN OHIO REVISE[D] CODE §2744.04(A).**

{¶17} As noted above, by statute (R.C. 2744.02(C)), the order denying the Officers' motion for summary judgment based on immunity was immediately appealable. However, the

Ohio Supreme Court decided that orders arising along with an R.C. Chapter 2744 immunity claim, "such as those predicated on the statute of limitations defense that do *not* deny the benefit of immunity, are not final appealable orders." *Village of Dalton v. Hubbard*, 2026-Ohio-1101, ¶ 28 (9th Dist.), citing *Riscatti v. Prime Properties Ltd. Partnership*, 2013-Ohio-4530, ¶ 19 (9th Dist.). *Riscatti* is based on the plain language of R.C. 2744.02(C) that only recognizes orders that deny a political subdivision or its employee immunity from liability as final orders and not orders denying other defenses. *Riscatti* at ¶ 19-20. Accordingly, the Officers' statute of limitations issue, as asserted in the first assignment of error, is not properly before us in this appeal.

III.

{¶18} Based on the foregoing, the Officers' second and third assignments of error are sustained, and the judgment of the Medina County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. The issue raised in the Officers' first assignment of error is not properly before us.

Judgment reversed, and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

CARR, P. J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶19} I respectfully dissent because I would hold the trial court erred when it failed to grant summary judgment in favor of the Officers on the basis that Ms. Johnson's claims were barred by the applicable statute of limitations.

{¶20} R.C. 2744.04(A) sets forth a two-year statute of limitations for actions brought against political subdivisions. "The two-year limitations period in R.C. 2744.04(A) applies to both political subdivisions and the employees thereof." *Robol v. Columbus*, 2025-Ohio-973, ¶ 15 (10th Dist.); *Davis v. Clark Cty. Bd. of Commrs.*, 2013-Ohio-2758, ¶ 23 (2d Dist.) (providing same).

{¶21} In their motion for summary judgment, the Officers set forth evidence indicating they acted in their official capacities as police officers when they decided to personally serve Ms. Johnson with the notice of criminal trespass, and later to respond to concerns that Ms. Johnson may be a danger to herself. *See* Civ.R. 56. In her brief in opposition to the Officers' motion for summary judgment, Ms. Johnson failed to set forth evidence establishing a genuine issue of material fact existed in this regard. *See id.* Instead, Ms. Johnson argued that she sued the Officers

in their individual capacities, not their official capacities, and that R.C. 2744.04(A) does not apply to employees of a political subdivision.

{¶22} Initially, naming the Officers in their individual capacities does not alter the underlying statute of limitations for the claims Ms. Johnson asserted in her complaint. *See Porterfield v. Bank One Ohio Trust Co.*, 1997 WL 566197, *2 (10th Dist. Sept. 9, 1997) ("It is the inherent nature of a claim, not the way in which a claim is characterized in the complaint, which determines the applicable statute of limitations."); *Radio Parts Co. v. Invacare Corp.*, 2008-Ohio-4777, ¶ 17 (9th Dist.), quoting *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 537 (1994) ("The party's creativity in pleading 'cannot be allowed to mask or change the fundamental nature of [the] causes of action.'"). Here, the underlying events occurred on July 30, 2020. Ms. Johnson filed her complaint against the Officers on September 22, 2023. Consequently, Ms. Johnson's claims against the Officers were barred by the two-year statute of limitations, and the trial court erred by not granting the Officers summary judgment on that basis.

{¶23} Even if Ms. Johnson's claims were not barred by the two-year statute of limitations, I would hold the trial court erred by not granting the Officers summary judgment based on statutory immunity. To that end, I would conclude the Officers met their initial burden on summary judgment of setting forth evidence establishing they qualified for general immunity. *See Hall v. Wooster*, 2025-Ohio-5695, ¶ 10 (9th Dist.). I would then conclude Ms. Johnson failed to meet her reciprocal burden of demonstrating one of the exceptions to immunity applied. *See id.* at ¶ 11. Accordingly, I would hold the Officers were entitled to judgment as a matter of law.

{¶24} For the foregoing reasons, I respectfully dissent.

APPEARANCES:

MEL L. LUTE, JR. and KENDRA L. BARABASCH, Attorneys at Law, for Appellants.

RODGER A. PELAGALLI, Attorney at Law, for Appellee.